**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:14-CR-00031-TBR**


UNITED STATES OF AMERICA                                                     Plaintiff,

v.

DEMETRUS DAVIS                                                              Defendant.


**MEMORANDUM OPINION**

This matter is before the Court upon three motions of Defendant Demetrus Davis. Davis has

submitted a Motion for Production of Favorable Evidence, (Docket No. 20), to which the United States

has responded, (Docket No. 29). Davis has also submitted Motions for Discovery, (Docket No. 21), and

Disclosure, (Docket No. 22), to which the United States has responded, (Docket Nos. 28 & 27). These

matters being ripe for adjudication, the Court will address each in turn.

**Factual Background**

Davis was arrested after he allegedly trafficked in narcotics and unlawfully possessed firearms.

Investigating officers of Louisville Metro Police Department assert that Davis engaged in illegal

transactions with a confidential informant. As a result, Davis was charged with being a felon in

possession of firearms and possession with the intent to distribute cocaine. (Docket No. 1.)

**Analysis**

**I.      Motion for the Production of Favorable Evidence**

In his first motion, (Docket No. 20), Parker seeks to compel the United States to disclose exculpatory

materials pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Davis seeks the following:

1.   The name and address of each person that the United States has interviewed but does not intend
     to call as a witness at trial;

2. Each written statement or transcript, recording, summary, or notes of oral statements given by such individuals;
3. Material bearing upon Davis's guilt or innocence, the credibility of any witness, or the reliability of any tangible evidence;
4. An accounting of any incentive offered to a witness or other person in connection with the investigation or prosecution of his case, and the names of such individuals.

(Docket No. 20 at 1-2.) This request is made pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). According to Davis, delayed disclosure would force him to request recesses and continuances to develop such information. He thereby requests that the United States release such material at least three weeks prior to trial.

*Brady* requires the United States to "turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). "Materiality pertains to the issue of guilt or innocence, and not to the defendant's ability to prepare for trial." *Id.* (citing *United States v. Agurs*, 427 U.S. 97, 112 n. 20 (1976)). The government's obligation includes a duty to disclose "evidence that could be used to impeach the credibility of a witness." *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio v. United States*, 405 U.S. 150, 154-55 (1972)). However, the impeachment evidence to which a defendant is entitled is not limitless. "When the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule." *Giglio*, 405 U.S. at 154 (quoting *Napue v. Ill.*, 360 U.S. 264, 269 (1959)).

"[T]he government typically is the sole judge of what evidence in its possession is subject to disclosure. If it fails to adequately comply with a discovery order requiring it to disclose *Brady* material, it acts at its own peril." *U.S. v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988). If the prosecution denies any such exculpatory material exists, the defense has no "general right to pre-trial discovery of evidence impeaching defense witnesses." *Id.* at 1283.

The United States assures the Court that it recognizes its *Brady* and *Giglio* responsibilities and will fulfill such obligations. To the extent that Davis's motion seeks disclosure of evidence beyond that

required by *Brady*, the Court will deny such motion as excessively broad. "[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Presser*, 844 F.2d at 1281 (quoting *U.S. v. Bagley*, 473 U.S. 667, 675 (1985)). The government shall comply with its *Brady* requirements "in time for its 'effective' use at trial." *Id.* at 1283. However, the Court strongly encourages early disclosure.

## II.     Motion for Discovery

In his second motion, Davis seeks access to various documents and objects in the government's possession, custody, or control. Davis's motion specifies that he seeks copies of any documents or tangible objects material to his defense or that the United States intends to use in its case-in-chief; results of all scientific tests made in connection with the case; the substance of any of his oral statements; his entire criminal history; and a written summary of the government's proposed expert testimony. (Docket No. 21 at 1-2.)

The United States responds that pursuant to both Federal Rule of Criminal Procedure 16 and the Court's previous discovery order, the parties have convened regarding discovery. On May 22, 2014, the United States provided discoverable materials to Davis's counsel. Moreover, the government acknowledges its continued obligation to provide such material. (Docket No. 28.) In light of the government's acknowledgement of its continuing responsibilities and its compliance heretofore, the Court will deny Davis's motion as moot.

## III.     Motion for Disclosure

Finally, Davis seeks an order compelling the government to give notice of its intention to use evidence of his other crimes, wrongs, or bad acts at trial. (Docket No. 22.) The government responds that such an order is premature, as the government will provide an appropriate Federal Rule of Evidence 404(b) notice seven days before trial. (Docket No. 27.)

The Court orders that the Government will provide Rule 404(b) notice twenty-one days prior to trial. Defendant shall file any objection within seven days.

## CONCLUSION

For the reasons explained above, IT IS HEREBY ORDERED as follows:

1.  Davis's Motion for Release of Brady Materials, (Docket No. 20), is DENIED.

2.  Davis's Motion for Discovery, (Docket No. 21), is DENIED.

3.  Davis's Motion for Disclosure, (Docket No. 22), is GRANTED.