UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-00031-TBR

UNITED STATES OF AMERICA                                                              Plaintiff,

v.

DEMETRIUS LAMONT DAVIS                                                                Defendant.

**MEMORANDUM OPINION'CPF'QTFGT**

This matter comes before the Court upon several evidentiary and discovery motions filed by Defendant Demetrius Lamont Davis, each of which has been fully briefed and is now ripe for adjudication. The Court now considers Davis's Motion to Identify Informants, (Docket No. 43); Motion to Exclude Recordings of Confidential Informant, (Docket No. 51); Motion to Compel Discovery of ATF Protocols, (Docket No. 52); and Motion to Exclude Reference to Officers' Prior Knowledge of Defendant and Any Details of Prior Felonies, (Docket No. 53). The Government has responded to each. (Docket Nos. 49, 57, 55, and 56.) The Court will address each of Davis's motions in turn.

   I.   **Motion for Identity of Confidential Informant**

The Court first considers Davis's renewed motion seeking the identity of the Government's confidential informant fourteen days before trial. (Docket No. 43.) In its prior order regarding a similar motion, the Court noted that the Government plans to call the informant in question as a witness at trial. (Docket No. 37 at 5.) Consequently, the Government need not issue a pretrial disclosure of the informant, pursuant to Sixth Circuit precedent. *See, e.g.*, *United States v. Perkins*, 994 F.2d 1184 (6th Cir. 1993); *United States v. Brice*, 2009 WL 2043554 at *1 (W.D. Ky. July 9, 2009).

The Government has acknowledged its obligation to provide impeachment information prior to trial and in time to make effective use thereof, including information concerning the informant's relevant

1

criminal history, payment information, and the nature of his relationship with the Government's enforcement agents. *See United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988). Moreover, the Government avers that it is not currently aware of any potentially exculpatory information but will comply with its *Brady* and *Giglio* obligations should such information arise. (Docket No. 49 at 2.) *See Giglio v. United States*, 405 U.S. 150, 154-55 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

As explained in the Court's prior ruling, the Government is not obligated to disclose the informant's identity at this stage. Although the Court will deny Davis's motion, it nonetheless strongly encourages early disclosure.

## II. Motion to Exclude Recordings of Confidential Informant

Davis next moves the Court to exclude from admission the recorded phone calls between himself and the confidential informant discussed above. (Docket No. 51.) He directs the Court to Federal Rule of Evidence 106, which permits the introduction of any other recorded statement "that in fairness ought to be considered at the same time." Davis argues the Government failed to record other telephone conversations that he had with the informant, and that if not all such conversations can be produced, none should be admissible.

The Court cannot agree. The Government intends to admit the entirety of the recorded phone calls, thus precluding the possibility of their being lifted out of context. Although one of the informant's calls to Davis was apparently unrecorded, it does not appear that the contents of that call are crucial. More importantly, Davis will be afforded the opportunity to conduct a full and rigorous cross-examination of any witnesses with knowledge of the unrecorded call pursuant to the Sixth Amendment's confrontation clause. Accordingly, the Court will deny Davis's motion to exclude these recordings.

## III. Motion to Compel Discovery of ATF Protocols

Davis also moves the Court to compel the Government disclose the Bureau of Alcohol, Tobacco, and Firearms' ("ATF") protocols concerning targeting of gun sting operations and the acquisition of guns

for use in such operations. He offers only the contours of an argument that the ATF perhaps used "questionable tactics regarding firearm and drug sting operations" and seeks additional information to investigate this possibility. (Docket No. 52.)

The Court perceives no indication of selective prosecution in Davis's case, particularly in light of the Government's "broad discretion" to enforce federal criminal laws." *United States v. Armstrong*, 517 U.S. 456 (1996). Lacking clear evidence suggesting otherwise, the Court must presume that the Government has proceeded appropriately. *Id.* Here, Davis has failed to satisfy the "rigorous standard for discovery in aid of [a selective prosecution] claim." *Id.* at 468. Because he has offered evidence of neither discriminatory effect nor discriminatory intent, Davis is not entitled to the discovery materials that he seeks. *See United States v. Bass*, 536 U.S. 863, 863 (2002) (citations omitted).

### IV. Motion in Limine to Exclude Any Reference to Officers' Prior Knowledge of Defendant and Any Details of Prior Felonies

Finally, Davis seeks to exclude any details of his prior felony convictions. (Docket No. 53.) Davis, who is charged with being a felon in possession of a handgun, has offered to stipulate to the fact that he is a convicted felon. He points to *Old Chief v. United States*, 519 U.S. 172 (1997), in support of his request that the Government be prohibited from introducing evidence regarding the name and nature of the relevant offenses.

The Government responds that should Davis stipulate to his status as a felon, it will not introduce additional evidence regarding the specifics of his prior convictions in its case in chief. (Docket No. 56.) The Government acknowledges, however, that should Davis testify at trial, it may seek to introduce evidence of his prior convictions in order to impeach his testimony.

Federal Rule of Evidence 609(a) allows for impeachment of witnesses by evidence of a conviction of a crime. When conviction of a crime punishable by either death or imprisonment

for more than one year is used to attack a witness's character for truthfulness, that evidence "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its potential effect to that defendant." Fed. R. Evid. 609(a)(1)(B). The Sixth Circuit has established several factors to be weighed when analyzing whether to admit evidence of a prior conviction, including the prior crime's impeachment value; the time of conviction and the defendant's subsequent history; the similarity of the past crime to the charged crime; the importance of the defendant's testimony; and the centrality of the credibility issue. *United States v. Moore*, 917 F.2d 215, 234 (6th Cir. 1990) (quoting *Gordon v. United States*, 383 F.2d 936 (D.C. Cir. 1967)).

The Sixth Circuit has warned that every felon-in-possession case involves a prior conviction, and that the Court must carefully consider the significance of such prior convictions to ensure their relevance. *United States v. Kemp*, 546 F.3d 749, 763 (6th Cir. 2008). The Court has not been made aware of the nature and content of Davis's testimony, or whether he intends to testify at all. Therefore, the Court cannot yet determine whether his previous convictions satisfy the balancing test articulated above. The Court further notes that federal practice requires the prosecution to prove that the balance of factors weighs in favor of admitting a prior conviction not involving dishonesty or false statement. *See, e.g.*, *United States v. Bagley*, 772 F.2d 482 (9th Cir. 1985), *cert. denied* 475 U.S. 1023 (1986). Bearing this principle in mind, the Court will grant Davis's motion regarding this issue at this time.

Davis also asks the Court to preclude the officers from indicating that they were familiar with him through any prior legal dealings. (Docket No. 53.) He argues that such references are irrelevant pursuant to Federal Rule of Evidence 402, and that the danger of unfair prejudice and confusion of the issues they raise substantially outweighs any probative value per Rule 403.

4

The Government has agreed to refrain from eliciting detailed information in its case-in-chief regarding law enforcement officers' previous interactions with Davis that developed their familiarity with him, as well as the fact that such knowledge was partially obtained through his prior arrests or convictions. (Docket No. 56.) However, the Government contends that lacking any indication of the defense Davis will raise, the Court cannot yet determine the relevance of certain officers' familiarity with Davis. The Court agrees and will permit the Government to elicit general information without reference to Davis's prior arrests and convictions, mitigating the danger of unfair prejudice. Therefore, the Court will deny this portion Davis's motion at this time and will instead evaluate any objections when fully contextualized at trial.

## Conclusion and Order

For the reasons articulated above, and the Court being sufficiently advised, IT IS ORDERED that Davis's Motion to Identify Informants, (Docket No. 43); Motion to Exclude Recordings of Confidential Informant, (Docket No. 51); and Motion to Compel Discovery of ATF Protocols, (Docket No. 52), are hereby DENIED. Davis's Motion to Exclude Reference to Officers' Prior Knowledge of Defendant and Any Details of Prior Felonies, (Docket No. 53) is GRANTED IN PART AND DENIED IN PART as explained above.