UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEMETRUS LAMONT DAVIS     Movant/Defendant

v.     Criminal Action No. 3:14-CR-31-RGJ-1

UNITED STATES OF AMERICA     Respondent/Plaintiff

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Movant/Defendant Demetrus Lamont Davis's motion to set aside the Court's Order and Judgment pursuant to Fed. R. Civ. P. 60(b) (DN 140). On August 25, 2020, the Court entered Orders denying Davis's 28 U.S.C. § 2255 motion to vacate, set aside, or correct judgment and entering a final judgment dismissing the action (DNs 129 and 130). Davis moves to set aside the Orders based on "the Clerk's office decision to file his timely mailed notice of appeal 1-day out of time and to the United States Court of Appeals for the Sixth Circuit, because of misconduct by prison officials at the institution where petitioner in incarcerated due to the Coronavirus Pandemic in our country." The United States filed a response opposing the motion (DN 143).

**I.**

The Court entered judgment against Davis on August 25, 2020. Therefore, any notice of appeal from the judgment was required to have been filed on or before October 26, 2020. Fed. R. App. P. 4(a)(1)(B) ("The notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States[.]"). Under the prison mailbox rule, a prisoner's document is deemed filed when it is presented to prison

officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The envelope containing Davis's notice of appeal was stamped received in the outgoing prison mail on October 27, 2020, and it was postmarked the same date. Therefore, the notice of appeal was deemed filed on October 27, 2020—one day after the October 26, 2020, deadline.

The Sixth Circuit Court of Appeals issued a show-cause order on November 6, 2020, advising Davis that his notice of appeal would be dismissed as untimely unless he successfully filed a motion in the district court for either an extension of time to appeal under Federal Rule of Appellate Procedure 4(a)(5) or reopening of the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). In response, Davis filed a statement from the prison mailroom supervisor who asserted that "the mail room at FCI McDowell was closed due to COVID-19 concerns on October 18th through October 20th, 2020 and during these dates mail was not processed." The Sixth Circuit found that Davis's failure to file a timely notice of appeal deprived it of jurisdiction over the appeal. It further found that it could not construe Davis's response to the show-cause order as a motion for an extension of time to appeal because such a motion must be filed in the district court.

In Davis's declaration in support of his Rule 60(b) motion, signed under penalty of perjury, he states that the Bureau of Prisons went on a national lockdown on June 1, 2020, until further notice "because of protesting around the United States." He maintains that the Court entered its Orders denying his § 2255 motion on August 25, 2020, "while inmates' movements were modified." He asserts that he prepared a notice of appeal and motion to proceed on appeal *in forma pauperis* on October 18, 2020. He states that, on October 20, 2020, he "seal[ed] and signed the notice of appeal; wrote the words legal mail and sent the mail to the district court."

He maintains that he "placed the mail in the regular mailbox on his housing unit due to inmate modified movement at the institution." He continues, "With the words 'legal mail' written on the envelope, staff would stamp the mail prior to mailing as required by the Mail Box Rule." He states that on October 21, 2020, he received a memorandum from a prison captain dated October 20, 2020, stating that "inmates would remain secured in their cells because of an outbreak of COVID-19 at the institution." Davis asserts that when he received the Sixth Circuit's show-cause order regarding the timeliness of the notice of appeal on or about November 11, 2020, he submitted a request to a mailroom supervisor who "admitted to the error and agree to send a memo to the Sixth Circuit. I argued with the supervisor as to how come my legal mail was stamped the 27th of October when I mailed out on the 20th of October." Davis states that he responded to Sixth Circuit's show-cause order "explaining that I was not aware of the notice of appeal not timely filed. That, had I know I would have sought to rectify. I also explain that any delay was no faught of mine and out of my control."

>Davis further states the following:
>
>Prison officials had no right not to inform me immediately that mail was not being process. I have heard but cannot confirm that mailroom staff contracted the virus at that time. The mailbox rule was put in place many years ago. If prison officials could not honor the rule it should have gave petitioner notice. Even though COVID-19 place our country in the unfamiliar space, the mailroom staff could not stamp unprocess legal mail as if it were received that day, when they should have known it is backed-up mail. I could not find policy under such circumstances in the Bureau. I can only say it was out of my control.

Davis asks that the Court set aside the judgment, enter a new decision denying the § 2255 motion, and allow him 21 days to file a timely notice of appeal.

## II.

The Sixth Circuit has approved the use of Fed. R. Civ. P. 60(b) to vacate an order solely for the purpose of reinstating the same order so that an appeal that had been dismissed as

3

untimely could be filed again. *Tanner v. Yukins*, 776 F.3d 434 (6th Cir. 2015); *Lewis v. Alexander*, 987 F.2d 392 (6th Cir. 1983). Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R Civ. P. 60(b). Davis's requested relief would fall under Rule 60(b)(6). Relief under this sixth catch-all provision is "available 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule' and 'only as a means to achieve substantial justice.'" *Tanner*, 776 F.3d at 443 (quoting *Olle v. Henry & Wright Corp.*, 710 F.2d 357, 365 (6th Cir. 1990)). In *Tanner*, the Sixth Circuit relied on Rule 60(b)(6) as a mechanism to provide relief where an inmate requested relief from judgment to restore an appeal right that was lost due to the asserted misconduct of prison officials. *Id.* at 440-41. "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

Davis states under penalty of perjury that he sealed and signed his notice of appeal on October 20, 2020, and placed it in the mailbox in his housing unit. He maintains that his prison was on "modified movement" and experiencing a COVID-19 outbreak at that time. Davis

contends that prison officials stamped the mailing as filed on October 27, 2020, because of a backup of mail to be processed in the mailroom. When he learned that his notice of appeal was untimely upon receiving the Sixth Circuit's show-cause order, he took steps to remedy the untimeliness and demonstrate his efforts to file a timely notice of appeal, albeit not the correct steps. Because Davis did not file a timely notice of appeal or a Rule 4(a)(6) motion, the Sixth Circuit was compelled to dismiss his appeal for lack of jurisdiction. To allow relief under Rule 60(b), the Court must find that it is an appropriate tool to "ensure that the [Davis's] right to appeal is not defeated" in these circumstances. *Tanner*, 776 F.3d at 444 (quoting *Lewis*, 987 F.2d at 396); *see also Martin*, 876 F.3d 235, 238 (6th Cir. 2017).

Upon review, the Court finds that if Davis had filed a Rule 4(a)(6) motion, the Court would have reopened the time to file an appeal in accordance with Rule 4. The Court accepts Davis's sworn statement that he placed his notice of appeal in the prison mail system on October 20, 2020, and observes that his notice of appeal is dated with that date. The Court is persuaded that Davis had no control over his mailing once he placed it in the prison mail system and that the delay in file-stamping his notice of appeal was in all likelihood a result of the prison's lockdown due to a COVID-19 outbreak and, whether it was intentional or an inadvertent clerical error, the result of a misconduct by prison officials. The Court finds that the circumstances are extraordinary and that defeating Davis's right to appeal based on a one-delay in filing the notice of appeal would not achieve substantial justice. Therefore, the Court finds that Rule 60(b) relief is warranted.

Accordingly, **IT IS ORDERED** that Davis's Rule 60(b) motion to set aside the Court's Order and Judgment (DN 140) is **GRANTED**.  The Clerk of Court is **DIRECTED** to vacate the judgment entered on August 25, 2020 (DN 130), and re-enter judgment as of this date.  Davis shall have **21 days** to file a notice of appeal after entry of judgment.

Date:

cc:	Movant Demetrus Lamont Davis, *pro se*
	U.S. Attorney
A961.010